# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
2/22/2021 6:23:33 PM
Filing ID 12572603

Lowell W. Finson
CA Bar# 275586, AZ Bar# 10872
**FINSON LAW FIRM LLC.**
126 Westwind Mall
Marina Del Rey, CA 90292
Telephone: (602) 377-2903
Facsimile: (310) 425-3278
lowell@finsonlawfirm.com
*Attorneys for Plaintiff*

*Attorney for Plaintiff:* **Michael McDonald**

IN THE MARICOPA COUNTY SUPERIOR COURT

THE STATE OF ARIZONA

| | |
|---|---|
| MICHAEL MCDONALD, an individual<br><br>Plaintiff,<br><br>v.<br><br>HD SUPPLY, an Arizona business entity, and JOHN DOES 1-50<br><br>Defendants . | Civil Action No.: **CV2021-002860**<br><br>COMPLAINT FOR DAMAGES<br>JURY TRIAL DEMANDED |

Plaintiff Michael McDonald (herein as "McDonald" or "Plaintiff), by and through his attorneys, Lowell W. Finson, of the Finson Law Firm and Jennifer Lenze, of the Lenze Law Firm, for her Complaint against Defendants , HD Supply (herein "Defendant" or "HD") and John Does 1-50, aver as follows:

## NATURE OF THE CASE

1. Defendant wrongfully terminated Plaintiff, as well as subjected him to discrimination based upon age and disability and harassed and retaliated Plaintiff, and the actions occurred in Maricopa County, Arizona.

## PARTIES

2. Plaintiff was, at all relevant times, an individual citizen and resident of Arizona and was an employee of Defendant , over the age of 40, claims a disability, i.e., permanent back injury, and as a direct result of these classifications, was the victim of retaliation and harassment.

3. Defendant is an Arizona business entity, and upon information and belief, has its principal place of business in Phoenix, Arizona, and is a warehouse operation.

4. Defendant John Doe 1 is an individual, residing in Maricopa County, and was, at all times pertinent, the principal and owner of Defendant.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendants , DOES 1-through 50, and each of them, were, at all times herein mentioned, residents of the State of Arizona and were managers, officers, supervisors, managing agents and/or employees of Defendants Iridescence and Hofmann, and each of them, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's job benefits and employment status.

6. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants , DOES 1 through 50, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues

these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

7. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, each of the Defendants , including the fictitiously named Defendants were the agents and employees of each of the other Defendants and in doing the things hereinafter alleged, were acting within the scope and course of such agencies and/or employments.

## JURISDICTION

8. At all times mentioned herein, the Parties actions occurred in the State of Arizona.

9. Plaintiff is not asserting any Federal causes of action, as every Cause of Action is based upon the laws of the States of Arizona.

10. The Parties are citizens of Arizona and there is incomplete diversity.

11. Plaintiff filed a timely EEOC Charge, and was given a right to sue letter, which she received on November 27, 2020, a copy of which is attached hereto as Exhibit A. This satisfies any administrative requirement to pursue the within claims.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff began working for Defendants in Phoenix, Arizona as a laborer in 2012.

13. Plaintiff had a long period of satisfactory performance while employed by Defendants .

14. Prior to February 5, 2020, Plaintiff had not been formally disciplined in any fashion.

15. On or about April 15, 2019, Plaintiff took an approved FMLA for two months in order to have complex orthopedic surgery.

16. On or about June 15, 2019, Plaintiff returned to work with an approved set of restrictions which Defendants understood required "light duty", and the same was accepted by Defendants.

17. From June 15, 2019 until October 12, 2109, Plaintiff was continually harassed regarding his restrictions, and as he was told if he didn't abide by Defendants' requirements, which were in violation of his work restrictions, he would be fired.

18. Plaintiff continued to work as required by Defendants.

19. On or about October 12, 2019, while still employed by Defendants, Plaintiff sustained a non-work related automobile accident, which aggravated his prior physical condition.

20. Following the accident Plaintiff took approved FMLA and continued by be actively treated for said injuries by an orthopedic surgeon.

21. Prior to returning to work shortly after the auto accident, Plaintiff acquired an approval from his treating physician to return to his position with minimal restrictions, which did not require any substantial change in his work duties.

22. Defendant again refused to accept Plaintiff's minimal job restrictions, and forced Plaintiff to return to work without any restrictions.

23. This "requirement" violated the reasonable restrictions placed by the treating physician.

24. Defendant again advised Plaintiff that if he refused to work without restrictions, he would be terminated.

25. From the date Plaintiff returned to work after his auto accident, he was still subjected to harassment, but, in fear of losing his job, Plaintiff again complied with Defendants' unreasonable refusal to accept the above-mentioned restrictions.

26. On or about February 5, 2020, Plaintiff was terminated upon the false accusation that he had been smoking on a forklift, however, Plaintiff was not at work on the day he was supposed to have been smoking.

27. Defendants refused to accept Plaintiff's not having been at work on the day of the "infraction", and still would not allow him to return to work.

28. Defendants discriminated against Plaintiff from June 2019 to February 5, 2020, in the following ways, but not limited to:

a. Refusing to accept Plaintiff's physician's back to work requirements from June, 2019 until February 5, 2020.

b. Denying Plaintiff's FMLA rights.
c. Persistently referring to Plaintiff as "Old McDonald", "Trash McDonald", "Old McDonald", "Old Man McDonald" and "Broke McDonald".
d. Assigning Plaintiff increasingly menial tasks such as cleaning toilets when Defendants had a janitorial crew to do that work.
e. Falsely accusing Plaintiff of smoking on a forklift on a day Plaintiff had been off duty.
f. Treating Plaintiff differently than workers under age of forty, and subject to a perceived disability.
g. Younger employees were not subject to discrimination.

29. The employee handbook indicates that neither age nor disability discrimination was permitted.

30. Plaintiff repeatedly complained to Defendants that he was subject to discrimination but nothing was done to alleviate the situation.

31. Plaintiff suffered severe emotional distress, while Defendants continued a pattern of warnings, discipline and pressure, causing Plaintiff to be terminated on or about February 5, 2020.

## COUNT ONE
## AGE DISCRIMINATION

32. Plaintiff incorporates and adopts paragraphs 1 through 31 above as if fully set forth herein.

33. Defendants have discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, er sexual preference in violation of the laws of Arizona, and as a result of discrimination, harassment, retaliation and hostile work environment created by the Defendants .

34. Plaintiff is a male, over the age of 40, with a disability, and as such, is a member of a class of individuals entitled to protection of the laws of Arizona.

35. Defendants have engaged in unlawful discrimination and unlawful employment practices including, but not limited to:

a. Treating Plaintiff less favorably than similarly situated employees under the age of forty, without a disability, in the terms and conditions of their employment, including, but not limited to, refusing to provide Plaintiff with the rights of his employment, as

well as creating a hostile work environment, all of which were necessary to perform his job functions while similarly situated employees were not equally mistreated; and

    b.  Creating a hostile work environment because of Plaintiff's disability, and age, which was severe or pervasive to an extent that it substantially altered the terms and conditions of his employment.

36.    On information and belief, Plaintiff's age and disability were the sole or motivating factors in Defendants' treatment of Plaintiff, and but for Plaintiff's age and disability, Defendants would not have engaged in discriminatory conduct toward Plaintiff.

37.    As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

38.    By virtue of one, more, or all of the foregoing violations of pertinent laws protecting individuals, entitling Plaintiff to damages, including, but not limited to, all seniority, benefits, front and back pay, and other related harms.

39.    By virtue of one, or all of the foregoing violations as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which he is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

40.    The actions of Defendant and its supervisors and employees were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

41.    Plaintiff has retained the Finson Law Firm and Lenze Lawyers, law firms to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT TWO
## DISABILITY DISCRIMINATION

42.    The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Disability Discrimination.

43.    At all times herein mentioned, Defendants were aware Plaintiff had been diagnosed with "disabling" physical conditions, and was being appropriately treated regarding that diagnosis.

44. Plaintiff, a disabled individual, has been subjected to an adverse employment action by Defendants because of his physical and mental disabling condition.

45. Said acts and conduct of Defendants, as have been more fully set forth above, have been on the basis of Plaintiff's disability, or on account of the fact that Plaintiff was regarded as disabled, or on account of the fact that Plaintiff has a record of a disability.

46. The unlawful employment practices on the part of Defendants and each of them, were a substantial factor in causing damages and injuries to Plaintiff as set forth herein.

47. Plaintiff was required by statute to file a claim with the EEOC, and Plaintiff filed such a claim in a timely fashion and a "right to sue letter" (a true copy of which is attached as Exhibit A) was issued, thus fulfilling Plaintiff's obligation to exhaust administrative remedies.

48. As a result of the aforesaid unlawful acts of said Defendants , and each of them, Plaintiff has lost, and will continue to lose, income and benefits in an amount to be proven at time of trial. Plaintiff claims such amount as damages, together with prejudgment interest.

49. As a result of the aforesaid unlawful acts of said Defendants , and each of them, Plaintiff was personally humiliated and has become mentally upset, distressed, and aggravated.

50. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at time of trial.

51. As a further result of the said acts of said Defendants , and each of them, Plaintiff may be required to employ medical practitioners and physicians to examine, treat, and care for Plaintiff and may incur future medical and incidental expenses, which will be shown according to proof.

52. The acts of Defendants and each of them, as hereinabove alleged, were carried out by supervisors, managers, officers, and/or directors, and were directed and/or ratified by Defendants, with a conscious disregard of Plaintiff's rights, such as to constitute oppression, fraud or malice, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants.

**COUNT THREE**

**HARASSMENT BASED UPON SEX, AGE AND DISABILITY DISCRIMINATION**

53. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Engage in the Interactive Process.

54. During the period of Plaintiff's employment with Defendants, as alleged above, Defendants violated these Plaintiff's right to be free of discrimination based upon age and disability.

55. As alleged above, Defendants engaged in a concerted pattern of harassment of a repeated, routine or a generalized nature.

56. Such harassment based on disability and age were sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a hostile working environment.

57. As alleged above, Defendants engaged in a concerted pattern of harassment of a repeated, routine or a generalized nature, created a hostile working environment.

**COUNT FOUR**
**RETALIATION BASED UPON SEX, AGE AND DISABILITY DISCRIMINATION**

58. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Retaliation.

59. At all times herein mentioned the above mentioned laws against discrimination, were in full force and effect and was binding on Defendants and DOES 1-50. This section requires Defendants and each of them, to refrain from retaliating against an employee for having engaged in activities that are protected as set forth above.

60. Said retaliatory acts and conduct by Defendants toward Plaintiff did not consist of normal business or personnel management decisions that were necessary to the job performance of defendant's officers, supervisors or managers, or to the performance of an officer's, a manager's or a supervisor's job.

61. Plaintiff alleges that the aforesaid acts and conduct of Defendants toward Plaintiff constituted significant, adverse employment actions, which were in retaliation for and were motivated by Plaintiff's having engaged in the protected activities, damaging him as set forth.

**COUNT FIVE**
**PUBLIC POLICY WRONGFUL TERMINATION**

62. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Termination in Violation of Public Policy.

63. Under the laws of the States of Arizona, an employer's traditional right to discharge an at-will employee is subject to limits imposed by public policy whenever the basis of the discharge contravenes a fundamental public policy. Such public policy must inure to the benefit of the public at large and must be grounded in some statutory, constitutional or regulatory provision.

64. At the time of Plaintiff's termination, the fundamental public policy against discrimination in the workplace was, and is, set forth in Arizona law, and includes discrimination based upon age and disability and as well as retaliation and harassment based upon said discrimination.

65. The wrongful discharge of Plaintiff was in violation of the public policy contained within the laws of Arizona, and was a substantial factor in causing those damages and injuries as set forth.

**COUNT SIX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

66. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

67. Defendants had a duty to treat Plaintiff fairly, and to avoid the Defendants' intentional and malicious conduct above-mentioned, and in fact, those actions were subjectively and objectively outrageous.

68. This conduct amounted to the intentional infliction of emotional distress, causing Plaintiff those damages and injuries as set forth above.

WHEREFORE, Plaintiff seeks judgment against Defendants and DOES 1 through 50, and each of them, on all Causes of Action, for:

1. All medical expenses, actual, consequential, and incidental losses including but not limited to loss of income and benefits, according to proof, together with prejudgment interest, pursuant to the laws of both California and Arizona;

2. General damages for emotional distress and mental suffering in a sum according to proof;

3. Attorneys' fees, pursuant to the laws of Arizona;

4. Punitive Damages;

5. Costs of suit; and

6. Such other and further relief as the Court may deem proper.

DATED: 2/22/21

/s/ Lowell W. Finson
LOWELL FINSON
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims so triable.

Respectfully,

DATED: 2/22/21

/s/ Lowell W. Finson
LOWELL FINSON
*Attorney for Plaintiff*

# EXHIBIT 2

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
2/22/2021 6:23:33 PM
Filing ID 12572605

Person/Attorney Filing: Lowell Wayne Finson
Mailing Address: 126 Westwind Mall
City, State, Zip Code: Marina Del Rey CA 90292
Phone Number: 6023772903
E-Mail Address: lowell@finsonlawfirm.com
[☐] Representing Self, Without an Attorney
(If Attorney) State Bar Number: CA 10872 CA

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Maricopa

Michael McDonald
Plaintiff(s),
v.
HD Supply
Defendant(s).

Case No. CV2021-002860

**SUMMONS**

To: HD Supply

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W Jefferson St Phoenix AZ 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Maricopa

SIGNED AND SEALED this Date: *February 22, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *AMBER SUTTON*
Deputy Clerk

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
2/25/2021 11:52:34 AM
Filing ID 12586614

Person Filing: Lowell W. Finson, Esq.
Address (if not protected): 126 Westwind Mall
City, State, Zip Code: Marina del Rey, CA 90292
Telephone: 602-377-2903
Email Address: lowell@finsonlawfirm.com
Lawyer's Bar Number: 010872
Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

MICHAEL MCDONALD

PLAINTIFF,

vs.

HD SUPPLY

DEFENDANT.

Case Number: CV2021-002860

## CERTIFICATE OF COMPULSORY ARBITRATION

***Notice to Defendant: If you agree with the Plaintiff's Certificate of Compulsory Arbitration, you DO NOT need to file this form.**

The undersigned certifies that this case is (Please check **ONLY** one option below):

☐ **Subject to Arbitration** – The amount of money in controversy **DOES NOT** exceed $50,000, **AND** no other affirmative relief is sought.

☒ **Not Subject to Arbitration** – The amount of money in controversy **DOES** exceed $50,000, **OR** other affirmative relief is sought.

*Defendant – If you DISAGREE with the Plaintiff's Certificate of Compulsory Arbitration, please explain why you disagree below:

SUBMITTED this 22 day of February, 2021

SIGNATURE [signature]

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Clerk of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
3/4/2021 3:38:57 PM
Filing ID 12617721

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

Case Number ______

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Lowell W. Finson

Attorney Bar Number 010872

**Is Interpreter Needed?** ☐ Yes ☒ No

**If yes, what language(s):**

Plaintiff's Name(s): (List all) Plaintiff's Address: Phone #: Email Address:
Michael McDonald c/o Lowell Finson 126 Westwind Mall, Marina del Rey, CA 90292, lowell@finsonlawfirm.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
HD Supply 2432 S. 6th St, Phoenix, AZ 85004

(List additional Defendants on page two and/or attach a separate sheet)

**RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:**

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $______ ☐ Tier 1 ☐ Tier 2 ☒ Tier 3

**NATURE OF ACTION**

Place an "X" next to the one case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*
☐ 102 Property Damage*
☐ 103 Wrongful Death*

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence*
☐ 112 Product Liability – Asbestos*
☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☐ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☐ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*

Case No.______________

- [X] 116 Other (Specify) employment

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (e.g. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Filings Only)*

## 145 & 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)*
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] 145 Special Action against Lower Courts (See lower court appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge

(A.R.S. §§1-501, 1-502, 11-1051)

## 144 & 150-199 UNCLASSIFIED CIVIL:

- [ ] 144 Administrative Review (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [X] 183 Employment Dispute – Discrimination*
- [ ] 185 Employment Dispute – Other*
- [ ] 198 Verified Rule 27(a) Petition*
- [ ] 196 Verified Rule 45.2 Petition
- [ ] 195(a) Amendment of Marriage License (Maricopa County Filings Only)
- [ ] 195(b) Amendment of Birth Certificate
- [ ] 163 Other* __________________ (Specify)

Case No.______________

**EMERGENCY ORDER SOUGHT**

☐ Temporary Restraining Order ☐ Provisional Remedy ☐ OSC ☐ Election Challenge
☐ Employer Sanction ☐ Other (Specify) ______________________________

**COMMERCIAL COURT (Maricopa County Only)**

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at: https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

________________________________________

________________________________________

**Additional Defendant(s):**

________________________________________

________________________________________

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
2/22/2021 6:23:33 PM
Filing ID 12572604

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

CV2021-002860

**Plaintiff's Attorney:** Lowell Wayne Finson
Bar Number: 10872 CA
Email address: lowell@finsonlawfirm.com

**Plaintiffs**
Michael McDonald

**Defendants**
HD Supply 2432 S 6th St Phoenix CA 85004

Discovery Tier Level: Tier 3
Amount claimed: ___________

Case Category: Unclassified/Other Civil
Case Subcategory: Employment Dispute - Discrimination

Emergency Type:
Commercial Court: No
Is an Interpreter Needed: No If Yes Specify Language:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

**MICHAEL MCDONALD, an individual,**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: CV2021-002860

**HD SUPPLY, an Arizona business entity, and JOHN DOES 1-50,**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Milton Nolen, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents on HD Supply in Gwinnett County, GA on March 25, 2021 at 11:37 am at Corporation Services Company, 2 Sun Ct NW, Suite 400, Norcross, GA 30092 by leaving the following documents with Alisha Smith who as Authorized Representative at Corporation Service Company is authorized by appointment or by law to receive service of process for HD Supply.

Conformed Amended Civil Cover Sheet
Conformed Civil Cover Sheet
Conformed Certificate of Arbitration
Conformed Summons
Conformed Complaint

Additional Description:
Personal service completed on an authorized representative for the registered agent.

Black or African American Female, est. age 35, glasses: N, Black hair, 140 lbs to 160 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=33.9680125,-84.22720764
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in Cobb County, GA on 3/28/2021.

Milton Nolen

Signature
Milton Nolen
(470) 423-9886

# Exhibit 1



Exhibit 1a)

# EXHIBIT 3

Pavneet Singh Uppal, SBN 016805
Lori Guner, SBN 031646
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
lguner@fisherphillips.com
Attorneys for Defendant

**SUPERIOR COURT OF ARIZONA**

**MARICOPA COUNTY**

Michael McDonald, an individual,

Plaintiff,

v.

HD Supply, an Arizona business entity,

Defendant.

No. CV2021-002860

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA**

(Assigned to Hon. Michael Kemp)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on April 26, 2021, HD Supply Construction Supply, LP, erroneously sued as HD Supply, an Arizona business entity, (hereinafter "Defendant") filed a Notice of Removal of this Action from the Superior Court of Arizona, County of Maricopa, to the United States District Court, District of Arizona. A true and correct copy of the Notice of Removal of Action is attached as **Exhibit A**.

DATED this 26th day of April 2021.

FISHER & PHILLIPS LLP

By /s/ Pavneet Singh Uppal
Pavneet Singh Uppal
Lori Guner
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021, I electronically transmitted the attached document to the Clerk's Office using the ECF Systems for filing, and I hereby certify that a copy of the foregoing document was served by first class mail, postage prepaid, April 26, 2021 on the following:

Lowell W. Finson
FINSON LAW FIRM LLC.
126 Westwind Mall
Marina del Rey, CA 90292
Attorney for Plaintiff

/s/ Amy Jones

# EXHIBIT A

Pavneet Singh Uppal, SBN 016805
Lori Guner, SBN 031646
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
lguner@fisherphillips.com
Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael McDonald, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HD Supply, an Arizona business entity,<br><br>Defendant. | No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332 AND 1441** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant HD Supply Construction Supply, LP erroneously sued as HD Supply, an Arizona business entity, (hereinafter "Defendant") hereby removes to this Court the state court action described below.

1. On February 22, 2021, Plaintiff filed his Complaint in the Superior Court of the State of Arizona, in and for the County of Maricopa. The Complaint is entitled *Michael McDonald v. HD Supply*, Case No. CV2021-002860. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. True and correct copies of Summons, Certificate on Compulsory Arbitration, Amended Civil Cover Sheet, Civil Cover Sheet and Affidavit of Service are attached hereto as **Exhibit 2.**

3. The Summons, Complaint, Certificate of Compulsory Arbitration, Amended Civil Cover Sheet, Civil Cover Sheet and Affidavit of Service are the initial pleadings setting forth Plaintiff's claims for relief. There have been no responsive pleadings filed in the state court action, and there are no other forms of process, pleadings, and/or orders served upon Defendant in this matter.

4. This Notice is being filed within thirty (30) days of Defendant's receipt of the Complaint.

5. Pursuant to Local Rule 3.6, true and correct copies of all pleadings and other documents filed in the Superior Court proceeding are attached hereto as **Exhibits 1 through 2**.

6. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it involves federal questions arising under the federal Family and Medical Leave Act 29 U.S.C. § 2601 *et seq.* Paragraph 28 of the Complaint specifically alleges that "Defendants [*sic*] discriminated against Plaintiff … in the following ways, but not limited to … Denying Plaintiff's FMLA rights." This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. This action is also a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Plaintiff is a citizen and resident of the State of Arizona.

9. The caption of the Complaint incorrectly identifies Defendant as "HD Supply, an Arizona business entity." Defendant HD Supply Construction Supply, LP is a Florida limited partnership with its principal place of business in Atlanta, Georgia. The Defendant's partners are: (1) HD Supply GP & Management, Inc. which is a Delaware corporation with its principal place of business in Atlanta, Georgia; (2) HD Supply

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

Construction Supply Group, Inc. which is a Delaware corporation with its principal place of business in Atlanta, Georgia; (3) White Cap Construction Supply, Inc. which is a Delaware corporation with its principal place of business in Atlanta, Georgia; (4) AH Harris Intermediate Acquisition, Inc which is a Delaware corporation with its principal place of business in Atlanta, Georgia; and (5) HD Supply Holdings, LLC which is a Florida limited liability company with its principal place of business in Florida. Therefore, complete diversity of citizenship exists between Plaintiff, Defendant and Defendant's General Partner and Limited Partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited).

10. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff claims actual and punitive damages in addition to attorneys' fees and costs.

11. Defendant has served a copy of this Notice on the Plaintiff and a copy of the Notice has also been filed with the state court clerk pursuant to Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona. A copy of the Notice filed with the state court clerk is attached hereto as **Exhibit 3**.

12. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by Local Rule 3.6.

RESPECTFULLY SUBMITTED this 26th day of April 2021.

FISHER & PHILLIPS LLP

By s/ Pavneet Singh Uppal
Pavneet Singh Uppal
Lori Guner
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and I hereby certify that on the 26th day of April 2021, I served a copy of the foregoing document by first class mail, postage prepaid, on the following:

Lowell W. Finson
FINSON LAW FIRM LLC.
126 Westwind Mall
Marina del Rey, CA 90292
Attorney for Plaintiff

s/ Amy Jones