**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael McDonald, | No. CV-21-00737-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| HD Supply, et al., | |
| Defendants. | |

Before the Court is HD Supply's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim or, in the Alternative, for a More Definite Statement (Doc. 15). For the following reasons, Defendant's motion is granted, and Plaintiff's First Amended Complaint (Doc. 10) is dismissed with leave to amend.

## BACKGROUND

Michael McDonald ("Plaintiff") brings this action against Defendant, his former employer, alleging that Defendant subjected him to discrimination based on his age and disability, harassed him, retaliated against him, and wrongfully terminated him. (Doc. 10 ¶ 1.) Plaintiff, an Arizona resident, began working for Defendant in 2012 as a laborer. (Doc. 10 ¶ 14.) While his performance was allegedly satisfactory for most of his tenure, his relationship with Defendant began to deteriorate after he took two months of FMLA leave in April 2019 for a "complex orthopedic surgery." (Doc. 10 ¶¶ 16–17.) After his leave expired, Plaintiff returned to work in June 2019 "with an approved set of

restrictions which Defendant[] understood required light duty." (Doc. 10 ¶ 18.) Plaintiff alleges that even though Defendant accepted his restrictions, he was harassed because of them and told to perform work that would exceed his restrictions or face termination. (Doc. 10 ¶ 19.) Plaintiff then took another FMLA leave in October 2019, following an automobile accident. (Doc. 10 ¶ 21–22.) His physicians approved his return to work with "minimal restrictions," but Defendant allegedly again "refused to accept" the restrictions. (Doc. 10 ¶ 23–25.) As before, Defendant allegedly threatened termination if Plaintiff did not fully perform his duties. (Doc. 10 ¶ 26.)

Additionally, Plaintiff allegedly faced a variety of discriminatory conduct between June 2019 and February 2020. (Doc. 10 ¶ 30.) In particular, he claims discrimination because Defendant (1) refused to abide by Plaintiff's light duty restriction, (2) "[denied] Plaintiff's FMLA rights," (3) permitted employees to make a variety of age-based comments, including calling Plaintiff "Old McDonald" and "Old Man McDonald," and (4) assigned Plaintiff a series of menial janitorial tasks "when Defendant[] had a janitorial crew to do that work." (Doc. 10 ¶ 30.) Plaintiff further alleges that the "employee handbook indicates that neither age nor disability discrimination was permitted," and that he "repeatedly complained to Defendant[] that he was subject to discrimination but nothing was done to alleviate the situation." (Doc. 10 ¶¶ 31–32.) Due to this "pattern of warnings, discipline and pressure," Plaintiff allegedly suffered "severe emotional distress." (Doc. 10 ¶ 33.)

Plaintiff was ultimately terminated around February 5, 2020. (Doc. 10 ¶ 28.) Defendant allegedly informed Plaintiff that he was terminated because he had been smoking on a forklift, but Plaintiff claims to have been off duty on the day he was accused of the conduct in question. (Doc. 10 ¶¶ 28–29.) Plaintiff now brings the present action, removed from Maricopa County Superior Court, seeking damages against Defendant.

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To withstand a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Twombly*, a plaintiff's factual allegations in the complaint "must . . . suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). Factual allegations in the complaint are accepted as true and the pleading is construed "in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint ... may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 7765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). Further, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**II. Analysis**

    **A.  Counts One through Four**

The first four counts of Plaintiff's First Amended Complaint all suffer from the same fatal defect: they do not identify the legal basis for the relief Plaintiff seeks, and thus fail to satisfy the notice pleading requirements of Rule 8. In Count One, Plaintiff seeks to recover for "Age Discrimination," but does not identify any specific basis in common law or statute under which he seeks to recover. (Doc. 10 at 5.) So too for Count Two ("Disability Discrimination"), Count Three ("Harassment Based upon Age and Disability Discrimination"), and Count Four ("Retaliation Based Upon Age and Disability Discrimination"). (Doc. 10 at 7–9.) Because Plaintiff does not identify the basis for

liability under each count, or even whether each count is premised on a violation of federal or state law, he has not sufficiently put Defendant on "fair notice of the claim asserted and the ground on which it rests."[1] *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); *Ferrantino v. Yolo Cnty. Transp. Dist.*, No. 14-cv-2590 JAM DAD PS, 2015 WL 2017442, at *3 (E.D. Cal. May 1, 2015) (finding plaintiff's request that his complaint be heard "in light of federal statutes prohibiting discrimination and section 504 of the Social Security Act" insufficient because it did not identify the basis for liability for each claim). To the extent Plaintiff wishes to use the same factual predicates as bases for liability under multiple theories, each theory should be pleaded as a separate count. Therefore, Counts One through Four of Plaintiff's First Amended Complaint are dismissed for failure to state a claim upon which relief may be granted.

**B.  Count Five**

In Count Five, Plaintiff seeks to recover against Defendant on a theory of "Public Policy Wrongful Termination." (Doc. 1 at 10.) Defendant argues that even if this claim were construed to be made under the Arizona Employment Protection Act ("AEPA"), Ariz. Rev. Stat. § 23-1501, Count Five still fails to state a claim for relief. (Doc. 15 at 7–8.) In response, Plaintiff claims that Count Five—like the other counts in this complaint—invokes not only the AEPA, but also a common law wrongful termination tort and "other

---

[1] In Paragraph Seven of his complaint, Plaintiff notes that

> [a]ll the within claims are brought pursuant to the applicable labor and discrimination laws in the state of Arizona, as well as appliable Federal Employment Discrimination laws, related to claims of age and disability discrimination, as well as harassment and retaliation based upon age and disability discrimination, namely, The Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq, The Americans with Disabilities Act 42 U.S.C. § 12101(a)(8), 42 U.S.C. § 12112(a), The Family and Medical Leave Act, 29 U.S.C. § 2601, 29 U.S.C. § 2612(a)(1), 29 U.S.C. § 2614(a)(1), 29 U.S.C. § 2615, 29 U.S.C. § 2617, and The Arizona Employment Protection Act A.R.S. § 23-1501, and any other specific State or Federal laws which may become relevant as the case progresses.

(Doc. 10 ¶ 7.) This blanket invocation of statutory authority is likewise insufficient to meet Rule 8's notice pleading standards, as it does not identify the violation of law that Plaintiff alleges give rise to liability under each specific count.

statutes [that] may apply." (Doc. 16 at 4.)  Count Five as currently pled, like Counts One through Four, does not provide notice to Defendant of any of these purported alternative bases for liability and thus is insufficient under Rule 8's notice pleading requirements.

However, as both parties also analyze Count Five under Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii), the Court does so as well.  In pertinent part, the statute states:

> 3. An employee has a claim against an employer for termination of employment only if one or more of the following circumstances have occurred: . . .
>
> > (c) The employer has terminated the employment relationship of an employee in retaliation for any of the following: . . .
> >
> > > (ii) The disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of the Constitution of Arizona or statutes of this state or an employee of a public body or political subdivision of this state or any agency of a public body or political subdivision.

Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii).

Count Five fails to state a claim under § 23-1501(A)(3)(c)(ii) because Plaintiff does not allege that he had a reasonable belief that his employer "has violated, is violating or will violate the Constitution of Arizona or the statutes of this state." *Id.*  Plaintiff alleges that he "repeatedly complained to Defendant[] that he was subject to discrimination but nothing was done to alleviate the situation," and the continued emotional distress caused by Defendant's "warnings, discipline and pressure" resulted in Plaintiff's termination. (Doc. 10 ¶¶ 32–33.)  Plaintiff also alleges that "the fundamental public policy against discrimination in the workplace was, and is, set forth in Arizona law, and includes discrimination based upon age and disability and as well as retaliation and harassment

based upon said discrimination." (Doc. 10 ¶ 67.)

However, Plaintiff does not identify the Arizona statute or constitutional provision that he believed Defendant or its employees were violating. A "bare legal conclusion that Defendant" had violated "some unreferenced statute or constitutional provision . . . is insufficient to survive dismissal" because it does not allow the Court to evaluate whether Plaintiff's belief was reasonable or put Defendant on notice "of what law or laws it allegedly violated, was violating, or was about to violate." *Painter v. Katerra Inc.*, No. CV-21-308-PHX-SRB, 2021 WL 2589736, at *4 (D. Ariz. Apr. 5, 2021).

Nor does Plaintiff's invocation of a raft of federal statutes suffice to state a claim under the AEPA. (Doc. 10 ¶ 7.) The AEPA expressly requires an allegation that the employee believed the violation at issue was of "the Constitution of Arizona or the statutes of this state." Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii). The statute's limiting language leads to the corollary that reporting violations of federal law is not protected under the AEPA. *See Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 293, 69 P.3d 1011, 1014 (Ct. App. 2003) (finding no protection under AEPA for individual terminated after reporting violations of federal regulations); *Hinton-McIntyre v. N. Cochise Cmty. Hosp., Inc.*, No. CV-15-00034-TUC-CRP, 2015 WL 13767537, at *5 (D. Ariz. Aug. 6, 2015). Therefore, Count Five is dismissed for failure to state a claim upon which relief could be granted.

**C.     Leave to Amend**

When a court grants a Rule 12(b)(6) motion to dismiss, but a defective complaint can be cured, a plaintiff is ordinarily entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."). Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Leave to amend should be withheld, however, if "amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, while the Court agrees that the First Amended Complaint is deficient, it grants leave to amend to allow Plaintiff the opportunity to cure the deficiencies identified in this order. Defendant's argument that leave should be denied is undercut by Plaintiff arguing in his Response that he is willing to amend his complaint to provide more specificity.[2] (Doc. 15 at 6); (Doc. 16 at 6.) Therefore, it appears that amendment is not facially futile. Should Plaintiff wish to file a Second Amended Complaint, it must be filed within thirty days of the date of this order.

## CONCLUSION

The Court grants Defendant's Motion. Plaintiff did not sufficiently plead Counts One through Five of the First Amended Complaint. The Court grants Plaintiff leave to file a Second Amended Complaint.

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim or, in the Alternative, for a More Definite Statement (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend his First Amended Complaint. Plaintiff will have thirty days from the date of this order to file a Second Amended Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a Second Amended Complaint within thirty days from the date of this order, the Clerk of Court must, without further notice, enter judgment of dismissal of this action with prejudice on or after **April 15, 2022**.

Dated this 16th day of March, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

[2] The Court will not discuss the merits of Plaintiff's proposed Second Amended Complaint at this time.